*10*



*For Publication*

FILED

MAY −5 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                                        Case No. 14-12107-A-7

Amado Lara Gomez,                                   JES-3

                        Debtor.

_____/

**MEMORANDUM**

When, if ever, may a debtor withdraw a spousal waiver under section 703.140(a)(2) of the California Code of Civil Procedure?  The answer is that a spousal waiver binds the debtor and the debtor's non-filing spouse absent relief under Civil Rule 60(b) on a showing of mistake, inadvertence, surprise, or excusable neglect.

**Facts**

Amado L. Gomez ("Amado") is married to Maria A. Lara ("Maria").  Represented by counsel, Amado—but not Maria—filed a chapter 7 bankruptcy petition.  His assets included a residence valued at approximately $84,000.  It is encumbered by a lien in the amount of $37,000.  Amado claimed his residence exempt under section 704.730 of the California Code of Civil Procedure in the amount of $47,000.

On the petition date, Amado also filed the spousal waiver described by section 703.140(a)(2) of the California Code of Civil Procedure.  Both Amado and Maria executed the waiver.  By its terms, the waiver relinquishes Amado and Maria's right during the present case from using the regular exemption scheme, i.e., California Code of Civil Procedure sections 704.010–704.995, and binds them during such period to the alternative exemption scheme, i.e., California Code of Civil Procedure section 703.140(b).

Chapter 7 trustee James E. Salven ("Salven") has objected to Amado's claim of homestead exemption under § 704.730.  Salven has brought the objection to force Amado to use the section 703.140(b)(1) homestead exemption of $26,925, see Cal. Civ. Proc. Code § 703.140(b)(1), (5), which amount is much lower than the amount of the homestead exemption available under the other exemption scheme that Amado sought to claim, see Cal. Civ. Proc. Code § 704.730.  If successful, Salven's objection would yield over $22,000 for the estate, without considering costs of administration.

In response to Salven's objection, Amado has filed a "Voluntary Withdrawal of Spousal Waiver of Right to Claim Exemptions Pursuant to C.C.P. § 703.140(a)(2)," signed by Amado and Maria, and an opposition to the objection supported by a declaration made by Amado's attorney.  The attorney's declaration states that he "mistakenly fil[ed] the waiver" and "admits to fault in this matter."

2

1    The court deems Amado's opposition, and its supporting declaration, to be a motion under Civil Rule

2    60(b). *See* Fed. R. Civ. P. 60(b), *incorporated by* Fed. R. Bankr. P. 9024.

3                                               **Jurisdiction**

4            This court has jurisdiction. *See* 28 U.S.C. §§ 1334, 157(a); General Order No. 182 of the U.S.

5    District Court for the Eastern District of California. This is a core proceeding in which this court may

6    enter final orders. *See* 28 U.S.C. § 157(b)(2)(B).

7                                               **Discussion**

8    **I.       The Chapter 7 Trustee Bears the Burden of Proof**

9            As the objecting party, the trustee carries the burden of proof. Fed. R. Bankr. P. 4003(c); *In re*

10   *Carter*, 182 F.3d 1027, 1029, n.3 (9th Cir. 1999). The trustee must file the objection timely and

11

12   demonstrate by a preponderance of the evidence that the debtor is not entitled to the exemption claimed.

13   *In re Ford*, 492 F.3d 1148, 1155 (10th Cir. 2007); *In re Nicholson*, 435 B.R. 622, 632–33 (B.A.P. 9th

14   Cir. 2010) (citing *Ford*).

15   **II.      The Law of Exemptions**

16           Individuals in chapter 7 bankruptcy may shelter assets from the estate by claiming them exempt

17   and thus place them beyond the reach of the trustee and creditors. *See* 11 U.S.C. § 522(b)(1).

18   Section 522 allows a debtor either to exempt property under the federal bankruptcy exemptions in

19   11 U.S.C. § 522(d), unless a state does not so authorize, or to exempt property under state or local law

20   and federal law other than § 522(d). *Id.* § 522(b)(2)–(3)(A), (d).

21           California has opted out of the federal exemption scheme. *See* Cal. Civ. Proc. Code § 703.130.

22   It provides resident debtors its own exemptions in bankruptcy cases. *Id.* § 703.140(a). As a

23   consequence, unless preempted by federal law, it is California state law, and not federal law, which

24   defines a debtor's right to claim particular exemptions and the amount of those exemptions. *See Law*

25   *v. Siegel*, 134 S. Ct. 1188, 1196–97 (2014) ("It is of course true that when a debtor claims a state-

26   created exemption, the exemption's scope is determined by state law, which may provide that certain

27   types of debtor misconduct warrant denial of the exemption."); *In re Johnson*, 880 F.2d 78, 79 (8th Cir.

28

                                                      3

1989) (applying Minnesota law); *In re Canino*, 185 B.R. 584, 590 (B.A.P. 1995) ("substantive issues regarding claimed exemptions are governed by California law").

California offers resident bankrupts a choice from two different, mutually exclusive exemption schemes.  Under California law, debtors may elect either the set of special exemptions under section 703.140(b) available only to debtors in bankruptcy ("special bankruptcy exemptions") or the set of regular exemptions under sections 704.010–704.995 of the California Code of Civil Procedure available to judgment debtors generally outside of bankruptcy ("regular exemptions").  *See* Cal. Civ. Proc. Code § 703.140(a).  But they may not elect both.  *See* Cal. Civ. Proc. Code § 703.140(a)(1)–(3); *Farrar v. McKown (In re McKown)*, 203 F.3d 1188, 1189 (9th Cir. 2000).  The regular exemptions are characterized by a generous homestead exemption but by austere exemptions for other assets.  In contrast, the special bankruptcy exemptions apply only to debtors who file for bankruptcy under Title 11 of the U.S. Code, *see* Cal. Civ. Proc. Code § 703.140(a), and provide a small homestead exemption but offer a handsome wildcard exemption that may be used to protect any asset, *see* Cal. Civ. Proc. Code § 703.140(b)(1), (5).

Like unmarried debtors, married debtors may not use exemptions from the two alternative exemption schemes at the same time.  *See id.* § 703.140(a); *Flinn v. Morris (In re Steward)*, 227 B.R. 895, 899 (B.A.P. 9th Cir. 1998).  This rule applies regardless of whether the married debtors are joined in the petition.  *See* Cal. Civ. Proc. Code § 703.140(a)(1)–(2); *see also* Cal. Civ. Proc. Code § 703.110(a).  A married debtor who files a bankruptcy petition that is not joined by the debtor's spouse is deemed to elect the regular exemptions applicable by default.  Such a debtor may not claim the special bankruptcy exemptions of section 703.140(b) unless both spouses effectively waive in writing the right to claim, during the pendency of the debtor's bankruptcy case, the regular exemptions in any bankruptcy case involving either of them.  *Id.* § 703.140(a)(2).  The text of this statutory provision is as follows:

> If the petition is filed individually, and not jointly, for a husband or a wife, the [regular] exemptions . . . are applicable, except that, if both the husband and the wife effectively waive in writing the right to claim, during the period the case commenced by filing the

4

petition is pending, the [regular] exemptions . . . in any case commenced by filing a petition for either of them under Title 11 of the United States Code, then they may elect to instead utilize the [special bankruptcy exemptions].

Cal. Civ. Proc. Code § 703.140(a)(2).

## III.    The Paradox of Un-Waiver: Reconciling the Right to Amend Exemptions with the Effect of a Waiver

This case presents the question of the effect of a written waiver of one of two alternative exemption schemes available in California, a state that has opted out of the federal exemptions under the authority of federal law, when the waiver is in accordance with a California exemption statute. Federal Rule of Bankruptcy Procedure 1009(a) permits debtors to amend their claims of exemptions "as a matter of course at any time before the case is closed." The problem this case poses lies in reconciling federal law's liberal policy of allowing amendments to a claim of exemptions in bankruptcy with the effect of a valid spousal waiver, executed as a statutory prerequisite for a debtor's choosing the special bankruptcy exemptions, that purports to bind the waiving debtor and such debtor's spouse to the special bankruptcy exemptions during the period the debtor's case is pending and to relinquish their use of the regular bankruptcy exemptions during the same period. Cal. Civ. Proc. Code § 703.140(a)(2).

Though not without limits, an opt-out state's ability to define the nature and extent of bankruptcy exemptions is broad. *Owen v. Owen*, 500 U.S. 305, 308 (1991) ("Nothing in subsection (b) [of section 522 of the Bankruptcy Code] (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all."); *Granger v. Watson*, 754 F.2d 1490 (9th Cir. 1985) (the state's power to opt out of the federal exemption scheme includes the right to offer single debtors different exemptions than those offered to two or more debtors in the same household). But opt-out states may not (1) adopt exemptions that contradict specific provisions of the Bankruptcy Code, *Patriot Portfolio, LLC v. Weinstein (In re Weinstein)*, 164 F.3d 677 (1st Cir. 1999), *cert. denied*, 527 U.S. 1036 (1999); (2) regulate procedure for the assertion of those exemptions in bankruptcy, *Cisneros v. Kim (In re Kim)*, 257 B.R. 680, 687 (B.A.P. 9th Cir. 2000).

California's spousal waiver is more aptly characterized as substantive than procedural. Procedural rules prescribe "the manner in which exemptions are to be claimed, set apart, and awarded." *Tyner v. Nicholson*, 435 B.R. 622, 633 (B.A.P. 9th Cir. 2010); *see also In re Moffat*, 107 B.R. 255, 258 (Bankr. C.D. Cal. 1989) ("[T]he Bankruptcy Rules set forth the procedural framework for filing both a list of property claimed exempt and objections to claimed exemptions."). The provision for waiver in section 703.140(a)(2) is not an inappropriate attempt to regulate procedure in bankruptcy. Instead, this waiver provision ensures that a debtor and his non-filing spouse *together* elect between two alternative exemption schemes when the debtor seeks to use the special bankruptcy exemptions. It precludes the debtor and his non-filing spouse from choosing different exemption schemes in separate cases during the pendency of the debtor's case. The waiver provision regulates the nature and scope of exemptions available to a married debtor and his non-filing spouse. Therefore, it is substantive.

There is no actual conflict, moreover, between the bankruptcy policy allowing liberal amendment to the schedule of exemptions and the binding effect of a spousal waiver executed in accordance with a California statute. While federal law authorizes a debtor to amend his claim of exemptions, it does not guarantee a debtor a homestead exemption or, for that matter, any exemption rights. *Owen*, 500 U.S. at 308. Whether an amendment to the schedule of exemptions is a wholesale exchange of exemption schemes, trading the regular exemptions for the special bankruptcy exemptions or vice versa, or whether it is a mere reallocation or modification of the exemptions within the same exemption scheme already selected, the debtor's right to claim the exemptions in the amendment depends on whether California law recognizes such right.

In short, federal law authorizes amending the exemptions in this case; state law defines the scope and nature of the amended exemptions allowed. The court holds that any conflict between Federal Rule of Bankruptcy Procedure 1009(a) and the spousal waiver provision under section 703.140(a)(2) of the California Code of Civil Procedure is apparent and not actual. Thus, no preemption problem exists and California's exemption law controls the outcome of the question

6

1    whether Amado can amend his schedule of exemptions to claim the regular exemptions after he and

2    Maria waived the right to claim such exemptions under section 703.140(a)(2).

3    **IV.    Was the Waiver Effective?**

4          A waiver under section 703.140(a)(2) has three elements: (1) both the bankruptcy debtor and

5    the non-filing spouse must waive the right to claim the regular exemptions; (2) each waiver must be

6    effective; and (3) the waiver must arise from a written instrument. *In re Geisenheimer*, No. 14-14706-

7    A-7, — B.R. — (Bankr. E.D. Cal. May 5, 2015).  Here, no one disputes that the waiver satisfies each

8    element.

9    **V.    When, if Ever, Does California Law Allow a Debtor to Retract a Spousal Waiver?**

10         No known case has considered whether a spousal waiver may be withdrawn and, if so, under

11   what circumstances.  Applying California's law of waiver, this court finds that absent relief for mistake

12   (of fact or otherwise), inadvertence, surprise, or excusable neglect, or similar showing, a properly

13   executed spousal waiver may not be withdrawn.  California courts have long held that an effective

14   waiver binds. *See* Cal. Civ. Code § 3513; *People v. Ventura Refining Co.*, 204 Cal. 286 (1928); *Faye v.*

15   *Feldman*, 128 Cal. App. 2d 319 (1954); *Cynthia C. v. Super. Ct.*, 72 Cal. App. 4th 1196 (1999).   And

16   ordinarily the waiving party may not retreat from it.  *Id.*  But California law does offer two avenues to

17   escape improvident waivers: (1) waivers given under mistake of fact, *Verdugo Canon Water Co. v.*

18   *Verdugo*, 152 Cal. 655 (1908); and (2) in the case of exemptions, waivers that are the product of

19   mistake, inadvertence, surprise, or excusable neglect, *see* Cal. Civ. Proc. Code § 473, *incorporated by*

20   Cal. Civ. Code § 703.030(c).  In deciding whether to afford relief in cases of mistake, inadvertence,

21   surprise, or excusable neglect, Cal. Civ. Proc. Code § 703.030(c), California courts may properly

22   consider prejudice to the opposing parties occasioned by the requested relief.  *Aldrich v. San Fernando*

23   *Valley Lumber Co., Inc.*, 170 Cal. App. 3d 725, 740 (1985).

24         Moreover, binding the debtor to the spousal waiver is wholly consistent with California's long-

25   standing use of the doctrines of equity to preclude debtors from asserting inconsistent exemption claims

26   over time when doing so will prejudice the opposing party. *See Borland v. O'Neal*, 22 Cal. 504 (1863)

(waiver); *Sunkler v. McKenzie*, 127 Cal. 554 (1900) (res judicata bars assertion of homestead); *Pickens v. Coffey*, 136 Cal. App. 105 (1933) (election of remedies); *Krier v. Krier*, 28 Cal. 2d 841 (1946) (res judicata bars assertion of homestead exemption); *In re Estate of Cecala*, 104 Cal. App. 2d 526 (1951) (estoppel applied to claim of homestead exemption); *Amin v. Khazindar*, 112 Cal. App. 4th 582, 590–91 (2004) (res judicata precludes homestead claim). Finding well-settled precedent on the binding nature of statutory waivers and on the application of equitable doctrines to a debtor's inconsistent positions on exemptions, the court holds that Amado and Maria's valid waiver under section 703.140(a)(2) of the California Code of Civil Procedure binds Amado to the special bankruptcy exemptions in the absence of relief for mistake, inadvertence, surprise, or excusable neglect.

Unlike the substantive nature of the statutory waiver provision under section 703.140(a)(2), the method of requesting relief from a waiver executed pursuant to that provision is procedural, *see Cisneros*, 257 B.R. at 687, and is governed by federal law. Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or *proceeding* for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b), *incorporated by* Fed. R. Bankr. P. 9024 (emphasis added). In deciding whether to grant such relief, the court considers prejudice to the opposing party as it does when considering relief under section 473 of the California Code of Civil Procedure. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In some instances, an attorney's error is grounds for relief under Civil Rule 60(b). *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002).

Here, Amado has made alternative attempts to retreat from the waiver. First, Amado filed a document attempting to withdraw voluntarily from the waiver of his right to claim the regular exemptions. This *ipse dixit* effort is insufficient as a matter of law. Second, the debtor moves under Civil Rule 60(b) for relief, citing his attorney's error. Amado's counsel admits error in filing the spousal waiver for Amado. Salven articulates no specific prejudice to the estate by allowing Amado to swap exemption schemes at this point in Amado's bankruptcy case.

## Conclusion

For each of these reasons, the court will overrule Salven's objection. A separate order will issue.

Dated: May 5, 2015

Fredrick E. Clement
United States Bankruptcy Judge

<u>PROOF OF SERVICE BY MAIL</u>

STATE OF CALIFORNIA     )
                               ) ss.
COUNTY OF FRESNO       )

       I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2500 Tulare Street, Suite 2501, Fresno, California, 93721.  On May 5, 2015, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Peter B. Bunting, Esq.
2501 W. Shaw Ave., #119
Fresno, CA 93711

James Edward Salven
P. O. Box 25970
Fresno, CA 93729

Oscar R. Swinton, Esq.
20501 Ventura Blvd., Suite 345
Woodland Hills, CA 91364

Rosalina Nunez, Esq.
516 W. Shaw Ave., Ste. 200
Fresno, CA 93704

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

       I certify (or declare), under penalty of perjury, that the foregoing is true and correct.  Executed on May 5, 2015, at Fresno, California.

_____
Kathy Torres, PLS